Good morning, Your Honors. Good morning. May it please the Court, David Shimon on behalf of Satellite Capital. I'll try and reserve three minutes. This case has a very long and complicated history with many erroneous rulings that require reversal, but the gatekeeping issue is whether the Bankruptcy Court has subject matter jurisdiction to adjudicate the fundamental intercreditor dispute that is at issue. Let me ask you that, because you don't raise that when you're in the Bankruptcy Court, and as part of these proceedings, you actually go to the BAP, and you prevail in the BAP, and all's well. There's no jurisdictional issue till you lose, right? That's incorrect, Your Honor. Okay. Why did you appeal to the BAP? Weren't you the one that appealed to the BAP in the Bankruptcy Court? That BAP ruling was not part of this trial. That BAP ruling was a Rule 60B motion commenced by emaciation outside of this adversary proceeding. This action was commenced in the Superior Court. It was removed by emaciation, and pending our motion to remand, they filed a motion for Rule 60 relief outside of the adversary proceeding. So that ruling was made outside of the adversary proceeding, and we appealed to the BAP precisely to say, we need to get relief. We need reversal of the Rule 60 order to make sure that the adversary proceeding trial, wherever it is litigated, federal court, state court, is adjudicated properly. We raised jurisdiction immediately. The moment they removed, we made a motion to remand, and objected to jurisdiction from the start, and appealed it to Judge Carney in the first appeal. Let me tell you where I'm... I don't know where I land, but I'm assuming I have good bankruptcy judges here, and so obviously... But my understanding of the facts, just fundamentally, are that satellite took over from someone that was a senior lien holder in 2007, and then emaciation comes in, I don't know, somewhere 2015 or whatever. But then something happens, and then emaciation becomes a senior lien holder, and your predecessor becomes the junior lien holder. Then emaciation wants to foreclose on... It must be a good piece of property, I'm assuming. But that person was in bankruptcy court, and they get stayed on the foreclosure, so it all gets encapsulated in there, and then over a period of time... So emaciation account foreclosed, but then emaciation gets... That's kind of an odd name for something, I feel like. Am I saying that right? Okay, it seems strange, because you talk about people being emaciated, I think, or something like that. But anyway, so they want to... They get sideways with the trustee. Then in bankruptcy court, they have to make the trustee happy, and have some settlement with the trustee. Then there's a modification, and so all of this involves who it... But some of these pending state court... These sort of parallel state court proceedings. So I'm having a hard time pulling all of this out of... It seems like it all... Whether you are a senior lien holder, which is what you want to be, right? But you want to be the senior lien holder, right? We want to either be the senior lien holder, or we want declaratory relief. This is the original complaint. We either wanted to be determined to be the senior lien holder, so we didn't have to pay them a dollar to redeem the property, or tell us what actually we do owe them to redeem the property. It was alternative relief. We'll take either one. We'll take either one. That was what we filed in the Superior Court. But it seems like it all kind of focuses around interpreting what happened in the I'm having trouble ascertaining why this is not properly in the bankruptcy court. There's a rising in and a rising under, right? Is that the language? That's part of the language. And which one's the more permissive? The broadest is related to. Okay. So I'm having a hard time seeing, because it all focuses on this interpretation of who's senior and who's junior. Why doesn't this belong in the bankruptcy court? Why isn't this core or ancillary or pendent jurisdiction? Just help me. I got you, Your Honor. The best way to understand this, why there was no bankruptcy court jurisdiction post-settlement agreement, is to understand why there was jurisdiction pre-settlement. There was jurisdiction pre-settlement for two reasons. One, the property was property of the estate. So there was in-rem jurisdiction under 28 U.S.C. 1334E. The bankruptcy court had jurisdiction in-rem to adjudicate all disputes concerning the property. And this would be a property dispute that the court had jurisdiction in-rem. But that disappeared under the settlement agreement because the property was transferred by the trustee out of the estate. And that's the applicable holding of Fed Shopping Way and its progeny, which we rely heavily upon. Once the property is transferred, the in-rem jurisdiction does not follow. So there was an alternative source of jurisdiction pre-settlement. As this court held in Blendheim, a secure creditor does not have to file a proof of claim. But if it does, the bankruptcy court has jurisdiction to adjudicate the validity and amount of the claim. And they filed the claim. So the bankruptcy court had jurisdiction to determine their claim pre-settlement. But pursuant to the settlement, the claim was disallowed and released. So there was no longer a claim against the estate. So that jurisdictional hook disappeared as a result of the settlement. And that's true even accepting their theory of the case, which is that notwithstanding what the settlement says, their claim was not disallowed and released. It was only withdrawn and waived. Same result. They still don't have a claim against the estate, so there's no longer any jurisdiction to adjudicate their claim in the bankruptcy court. So yes, prior to the settlement agreement, the bankruptcy court had jurisdiction to determine all these issues. But that settlement agreement, the heart of the settlement agreement was the trustee said, I give up. I can't administer this property. It's over encumbered. Emaciation is not cooperating. I don't want to pay the utility bill anymore. I give up. Take your dispute to state court. When does your appeal to the BAP happen? My appeal to the BAP happens, we filed the complaint in superior court. They removed it to the bankruptcy court, contemporaneous with removing it to the bankruptcy court. They filed outside of the trial proceeding, in the main bankruptcy case, a motion for Rule 60 relief saying, Judge, Satellite has filed this complaint and it's messing things up for us. Could you go, remember that order that said settlement approved? Could you go back to that order and modify it so that it solves all of our problems? And we had a hearing in January 2018 prior to the hearing on the motion to remand. The bankruptcy court still has jurisdiction, from your view, at that point. It had jurisdiction to consider a Rule 60 motion. And also then the BAP. But it did not have jurisdiction to adjudicate any dispute in the trial proceeding itself. And that's exactly what the BAP held on appeal. It said, Judge Russell, you're trying to adjudicate the adversary proceeding by entering a Rule 60 order. You can't do that. If you want to adjudicate these issues, you've got to do it in the context of the trial. The BAP didn't opine on whether he had jurisdiction. It simply said you can't do it on a Rule 60 motion where, again, this goes to the... Did the BAP have jurisdiction to decide that issue? Absolutely. The BAP, the Judge Russell had jurisdiction to consider the Rule 60 issue. He had jurisdiction. There was an order entered, an order that said settlement approved. And they wanted him to modify it or grant relief from it, whatever they wanted. Yes, he absolutely had jurisdiction to do that. But that's a separate question of whether or not the court had jurisdiction on the underlying trial proceeding, the adversary proceeding, the one that was commenced in superior court that was removed. That's the question, whether he had jurisdiction or not. And the BAP said, again, not opining on jurisdiction. They said you should not grant Rule 60 relief because what's at issue in the trial is not the order. It's the settlement agreement. And as we know from Kokanen and Valdez Fisheries, just because you were the judge that entered the order that said settlement approved doesn't mean you have continuing jurisdiction to adjudicate disputes arising out of the settlement agreement. And that's why the BAP reversed. And that's why we said, Judge, you have to remand. There is no continuing jurisdiction here. And Judge Russell obviously disagreed. He thought this is his settlement agreement. This is his order. He gets to do whatever adjudication he wants because he approved it. And Judge Carney, who I think got a lot right in this case, got the jurisdictional issue wrong. He tried to reconcile the BAP ruling, which said it's not about the order. It's about the agreement. And he tried to say, well, I don't think that totally controls the jurisdictional issue. I think he got that wrong. He got that wrong. This is Kokanen. This is Valdez Fisheries to a T. There's a settlement approved. From what you're saying, there is a need to publish here. You have a case that stands for the proposition of what you're asking. I think Valdez Fisheries is exactly on point. This court's most recent discussion of these issues was the Morshauser case. While not published, I think it's extremely persuasive. I don't think it's factually distinguishable from this case. It involves the court approved a transaction. And post-transaction, third parties want to fight about things. And the settlement agreement is implicated. But it doesn't affect the estate. Thank you for indulging me. If my colleagues have any questions, I want them to be able to ask right now. So go ahead. And if you want to say something for a couple of minutes, then I'll let you have three minutes on rebuttal. I realize I've dominated. I really want to get the record very clear about this, because it is a very convoluted and complicated record. And this is my opportunity to clarify things for you. So again, I don't think you have to get past the jurisdictional issue. I think this is not an easy case, but I think this, you know, bankruptcy judges think they've got a lot of jurisdiction. And it's up to the appellate courts to kind of explain it to them. And that's a consistent theme of the Ninth Circuit cases. And I think that applies here. I would also say that if you found jurisdiction, I get, I think, Judge Vera's ruling that these are all core proceedings. I don't understand that. I didn't understand that argument at all. I would again look to the Morshauser case, where it was a quiet title action. A quiet title action arises in state court. Absolutely non-core. And that really goes to the fourth cause of action, as we argue in the briefs. Judge Russell made a factual finding regarding the credibility of a witness, which we think was clear error. It's inexplicable. Alternatively, if we find it, we have jurisdiction, but it's non-core. Where does that put you? Then there would have to be a remand back to the district court to conduct a trial on the factual rulings. Well, do the factual rulings, is it a little bit like they're like a magistrate judge and then the district court could say, could adopt those factual? It could, but it's a de novo review, which Judge Vera explicitly did not do. Explicitly did not do. Can we do de novo review? I think you can, but you don't want me to. Well, it was a credibility finding based upon, I guess, a witness in it was examined. I do want to reserve time. Okay, I'll give you three minutes because you indulge me in answering a lot of questions. Thank you. I appreciate it. Thank you, Your Honor. Okay, I'm sorry to need all this assistance, but go ahead. That's okay. Judge Callan, I think I appeared in front of you 20 years ago, but you're still as sharp as ever. I still look the same age. You're looking lovely today, Judge Callan. I'm not going to say that. I'm just going to say that your questions are still good. I want to correct one thing. You're never wrong, but it was a junior lien holder satellite purchase, not the senior lien holder. Emaciation always owned the first deed of trust. This is Ronald Richards, the appellant, by the way. It had been a senior at some point, right? No, not them, but the person that had it before had been senior in 2007, right? No, they bought their junior from a bank and took a high risk underwater junior. They were always senior to the party that Emaciation bought their note and trust deed from. There was two separate trustees, a senior and a junior. Satellite's always been a junior. So they took a high risk investment, basically buying a note and a deed of trust that could be wiped out on any foreclosure sale. So when they bought it, the property was way underwater, and then they filed a bank or something. I just wanted you to be aware that they magically wanted to suggest throughout this litigation that somehow the senior lender entered into a settlement with the trustee that released their lien. And so the settlement was supposed to provide a quitclaim deed. It was never provided. The trustee entered into a second settlement agreement to clarify it, and the trial that we had was the impact of the settlement agreement. So to bring you back to the jurisdictional issue, of course the bankruptcy judge had to adjudicate the settlement agreement. That's why the BAP, and you should be aware that a BAP opinion was appealed to the Ninth Circuit. It's case number 19-630, and that's been stayed administratively for years. So it had no effect on the trial court. I don't know why my friend on the other side of the bar keeps citing these opinions that literally are on appeal, that one dealt with the 12B6 motion that was Judge Carney's. The relevant issue is the BAP said, we're not going to decide the actual merits of the application of the settlement agreement. That's what the adversary is for. They said, we're expressing no opinion on that, and then we appealed it anyway. But the trial was, what's the impact of the settlement agreement, and did it release the deed of trust? That was the issue, and frankly, Satellite lost on every angle. And the judge had a thorough pretrial order that they violated, and it was a trial that everybody called all the witnesses that were present in court, and they're just unhappy with the ruling. But the jurisdictional issue is very simple. Had the judge vacated his own settlement agreement with the trustee, of course it would impact the bankruptcy estate. So that's the only person on the planet that could have adjudicated their own settlement agreement was Judge Russell, because he's, in the bankruptcy case, he's a party to the extent the court has to approve it. So if he's going to undo it, then that affects the estate. That could affect a lot of things. Our claim would go back into play. I mean, there's many things. So in your analysis as a bankruptcy lawyer, explain to me, if we were to find, hypothetically, that there is no jurisdiction here, hypothetically tell me where that puts us with your friend on the other side cited a case that he thinks is exactly on point for the proposition that he's asserting with the court. So tell me your response to that. I directed the record at 13 ER 2927 to 2936. The settlement agreement, paragraph 6.7, the parties agreed the court would retain jurisdiction. These arguments were never flushed out below. I believe they were written in the briefs, as you pointed out. There was never a serious contention that somehow the bankruptcy court couldn't adjudicate a trial on an adversary case, on a case that was removed, whether the settlement agreement was impacted. Both Judge Vera, the district court judge, and Judge Russell thoroughly. I mean, this was honestly what I would call a throwaway argument, that the bankruptcy court doesn't have related jurisdiction or ancillary jurisdiction to decide. How would you define the jurisdiction? Is it arising in, arising under? I would say related to or arising under. I think it would be both prongs. So the court's aware of procedure, because bankruptcy is like a mixed up type of procedure for a lot of people. We agree on that. Yeah, so I'm not expecting everyone to totally appreciate sometimes how mixed up it is for lawyers. But Mr. Shimano, when he was unhappy with the court approving the settlement agreement, filed a state court action that basically was going to undo the settlement agreement. So we immediately removed it to the court to say, hey, this person is trying to interfere with the settlement with the trustee, this junior lien holder. The judge, Mr. Shimano, his client, tried to do a restraining order, stop the sale. Ultimately the property was foreclosed on, and the judge had to decide this case because the settlement agreement was inextricably intertwined with the estate administration. And so you cannot unscramble that. The property was transferred out of the estate, correct? It never got transferred. The settlement agreement called for a quit claim. Tell me if I'm wrong about this, but as part of the settlement agreement, the property that was foreclosed on was pulled out of the estate. It was supposed to be pulled out with a quit claim deed to another entity, but it never happened. But I'm not sure I understand the relevance of the it never happened. If once that settlement agreement transfers the property out of the estate, explain to me how the adversary proceeding would have any effect on the underlying bankruptcy. The reason the mechanics of why it became out of the estate was the judge granted relief from the automatic stay on our motion, and then it went to a nonjudicial foreclosure under a state court process. I understand all of that, but you're still not answering my question, which is how does the adversary proceeding have any effect on the underlying bankruptcy? Because the adversary proceeding was attacking the impact of the settlement agreement to suggest— I think what you're trying to do here is to say anything that in any way sort of even touches on or mentions the settlement agreement somehow then all of a sudden gets absorbed into the bankruptcy proceeding. But that simply because there may be a settlement agreement that deals with some of the property that at one point was part of the bankruptcy proceeding, that doesn't make it related to. There's nothing that the bankruptcy court, in my view, can really do with respect to that property that has been taken out of the estate based on the settlement agreement. I understand why it's convenient for you to be able to argue to the bankruptcy court that you want the bankruptcy court to deal with this. That is favorable to your position, but that's not a legal basis to be able to find related to jurisdiction. And I'm not disagreeing with Your Honor. We cited Fitz v. Great Western Savings, and so did the underlying district court. It's 852 F. Second 455 at page 457. The issue is administration. What I'm trying to explain to you is until the property is transferred out of the debtor, it is still part of the bankruptcy estate. So this litigation was going to determine whether that settlement agreement would be allowed. There are all sorts of very perverse incentives that can occur if what you're trying to argue to this court were to be permitted, which is that parties can operate outside of the bankruptcy proceeding, engage in all of this conduct, including the settlement agreement, while it's favorable to their position, only until there is something that they're unhappy about, and then they can go back to the bankruptcy court and seek relief. And I just think that that is not what's contemplated and why we have sort of limited jurisdiction, because otherwise parties can engage in this kind of gamesmanship. Well, I know, but respectfully, there was no gamesmanship. The settlement was not between some outside party. It was the trustee of the estate. It was a Chapter 7 trustee. Paul, do you agree that Satellite's claims arise under state law and not under Title XI? No, I believe that they cited Section 506, and I believe that the bankruptcy administration applies to their claims, that those claims would directly affect the outcome of how this estate would be administered, because otherwise— So tell me, explain how Satellite's claims do affect the bankruptcy estate. Because the bankruptcy estate— In other words, I guess what I'm saying, if Satellite were to succeed on their claims, what effect would that have on the bankruptcy? Well, the $108,000 that was paid to the estate would have to be returned. The asset would be in jeopardy because there was a settlement agreement that allowed a foreclosure, and there would then be a settlement agreement that was ratified, but now somehow is in peril because the contention would be that the court had no authority to approve the settlement. And even my colleague concedes there was jurisdiction at the time the court made the settlement. The issue— No, it approved the settlement. I mean, I think what he said was the bankruptcy court had jurisdiction to approve the settlement agreement. That is not a debatable or controversial position. I think that that factually is correct, but I think what you're saying is not exactly right. Just because the bankruptcy court has the ability to approve the settlement agreement, it doesn't have the ability to go in and change the terms or adjudicate a dispute between the parties in this sort of adversary proceeding relating to a dispute on the settlement agreement. You'd agree with me, right? Well, I know, but the problem is Satellite was not a party to the settlement agreement. They were some outside party. I think, again, I think my colleague does a great job of confusing the issue. The settlement was with the trustee and the first lien holder. Satellite was not a party at all. In fact, the settlement says it is not binding. No other party could use the settlement. So if a third party is claiming that the asset was either wrongly foreclosed or the asset shouldn't have been allowed to be foreclosed, that directly impacts the deal between the trustee and the first lien holder. Satellite filed a lawsuit to ingest themselves to try to blow up or cancel the settlement that was made with the trustee. There would be no way for the court to make a finding that the settlement, that the claims for relief in the claim that was removed would not directly imperil the settlement agreement that was made with the bankruptcy court trustee who works for the Department of Justice. I mean, this wasn't some, I would understand the court's concern if these were two random parties that had nothing to do with this case. But the trustee is the quintessential representative of the court that is making this settlement agreement. Well, let me turn you to the merits. So hypothetically, let's say that we, and this is all hypothetical because we haven't conferenced on this case. We're just asking you questions. Do you agree if we determined this is a non-core proceeding that we have to reverse and remand for the district court to review the case de novo? Do you agree on that point? No, because I think it would be a waste of time at this point because the court gave very thorough findings and the district court affirmed it already. So it's not like the district court— But it didn't affirm it under de novo review, did it? Well, I think the issues that he's asking to be reviewed under de novo are ancillary and irrelevant. The factual findings, the district court is going to uphold the case. I just don't see the basis, and also— Okay, but then I also asked your friend on the other side. If we say we have jurisdiction but that it's non-core and that the review then becomes de novo, can we do that? You can, but you certainly can do that. But you're saying the district court did that? Or are you saying it's futile? It's futile. I think the district court thoroughly went through all the issues raised that did the appeal and didn't make any findings that would suggest that if he reviewed some issue that was never even pointed out, that it would change the outcome. And I think that the district court found it was a core proceeding regardless. But he also went through each and every argument and rejected them anyway. I don't think him reviewing the bankruptcy court's findings, the fact, is going to change the factual findings, which would be subject to clear error. I mean, he found the main witness non-credible. There was many issues in the trial that were within the court's discretion. And again, the main issue of the trial was, was the settlement agreement— did it release the first lien? So what is the best evidence in the record that the settlement agreement did not extinguish a maciation's lien? The best evidence in the record is you have the admission of two contracts, the 2017 settlement agreement and the 2018 settlement agreement, which clearly show the intent of the parties was to receive a payment of $108,000 and then allow the first deed of trust to go forward with the foreclosure. And then there was supposed to be a quitclaim deed, but it was never tendered in a recordable format. And then Mr. Shimano filed multiple motions to try to get a restraining order, and that's what delayed. And then the court ruled on all those motions, and then finally the property went to a non-judicial foreclosure. So it's been sold. It's gone. It's gone, and also he never even named the current owner in the litigation. I mean, there was an indispensable party issue. But the best evidence is really the parties to the agreement, both parties to the agreement, the trustee testified, and you have both independent evidence, which is not hearsay. There are two contracts that the court analyzed and said that there is no question nobody would pay $108,000 to release their first lien. And so it's not for satellite to adjudicate how the trustee and emaciation capital made a contract. The two parties to the contract both came to court, both testified at trial with respect to the I testified and so did the admission of the two agreements. And so the issue was simply did these two agreements reverse or cause a reconveyance? And if you read the settlement agreements, there's the word reconveyance is not even in the agreements. So the whole theory was why, in the satellite's mind, why they should jump to first position is they waited until the settlement was approved. They did not object to it intentionally, and then the day after it was approved, they said, oh, the settlement released your lien. So how could you suggest that the bankruptcy judge shouldn't interpret that agreement, that that was not the intent? Then we had a subsequent agreement. You've gone over time. Let me make sure my colleagues don't have any additional questions. Okay. Thank you. Thank you. Let's see if I can summarize nine years and three minutes, Your Honor. A lot of what my colleague just said is just factually not true. And if you simply review the record, follow the briefs, you'll see it's not correct in many ways. But let me just say this. Again, the rising under issue, this is Wilshire Courtyard. This is not a rise under. We did not assert a claim under 506D. You can't confuse jurisdiction with the merits. Our merit claim is did you have a senior lien? Did you disallow your claim? Not is it void under 506D. That's not a rising under. Regarding impact on the estate, counsel said the trustee will have to give back the $108,000. That's just factually not true. This was a quit claim with no reps or warranties. You can't undo the settlement at this point. They sued to rescind. They filed a complaint to rescind, and the trustee filed a motion to dismiss, and it was dismissed with prejudice. So it's just factually not true. Regarding the merits, Blendheim says what it says. This allowance is a harsh result, and it's a trap for the unwary. This is a dispute that you learn in the first week of contracts. A party comes to the court and says what I drafted has an effect that I didn't intend. How do you answer that question? The answer is the objective theory of contracts. That's a policy decision. You look at the text. You look at the reasonableness of the ability of the text. You exclude extrinsic evidence except in limited circumstances. You don't allow uncommunicated subjective understanding. It's not admissible. You separate interpretation from reformation. That's this case. This is the objective theory of contracts case. And I know you don't like string cites. I could do a string cite of hundreds of cases where parties said, well, my release, I did a release. I didn't mean to release them. Fix it for me. And what do courts do in that state? They apply the objective theory of contracts. We give you a Ninth Circuit case. Could have done a string cite for a hundred cases. They could have done this a million ways. And I want to point out to you that when they did the settlement agreement, the entity that, oh, that's one more factual thing. He said the property was never transferred out of the estate. Look at the pretrial facts. They delivered the quit claim. That transferred the property under state law. To preserve jurisdiction, they refused to record it. But it was transferred. Refusing to record it did not create subject matter jurisdiction. That's gamesmanship. But the point is I wanted to make, I'll conclude with what the bankruptcy judge said when he made the ruling. It's stated in the briefs, but it can't be repeated too often because it really summarizes nine years of litigation. When the bankruptcy judge ruled, after hearing everything, he said, quote, the BAP said no, can't do that, whatever, unquote. Judge Russell refused to remand explicitly to ensure the substantive result that he wanted. And trial judges sometimes do things like that. Well, I think we can assure both of you that any opinion or mem dispo we do will not say whatever. Okay, we will not say whatever. I hope so, Your Honor. Well, your time is up. Thank you both for your argument. And it was helpful. And I think that those externs watching, I think that you've both acquitted yourself and represented your clients well. Thank you. Thank you very much, Your Honor. All right. The next matter on calendar is Beebe, a minor, versus Capistrano, United Unified School District.
judges: CALLAHAN, DESAI, ALBA